UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-cr-0191-JMS-DLP |
| | ) | |
| LARRY PROVELL GLENN, III, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 16, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 6, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 6, 2022, defendant Larry Provell Glenn, III appeared in person with his appointed counsel, Joseph Cleary. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Mark McCleese, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Glenn of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Glenn questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Glenn and his counsel, who informed the court they had reviewed the Petition and that Mr. Glenn understood the violations alleged. Mr. Glenn waived further reading of the Petition.

3. The court advised Mr. Glenn of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Glenn was advised of the rights he would have at a preliminary hearing. Mr. Glenn stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Glenn of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Glenn, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, and 5 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |

>   Mr. Glenn has failed to pay consistently on the Court ordered fine. His last payment of $50 was made on September 15, 2021. The unpaid balance is $700.

> 2   **"The defendant shall not leave the judicial district without permission of the court or probation officer."**
>
>   A family member reported Mr. Glenn has traveled to South Bend, IN, without permission, on at least two occasions. When confronted, Mr. Glenn did not deny traveling outside the district.

> 3   **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**
>
>   Mr. Glenn admitted staying at a female's residence and other locations, not known to this officer. When asked where his girlfriend lived, Mr. Glenn repeatedly refused to provide that address.

> 4   **"The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment."**
>
>   This officer has continually attempted to make contact with Mr. Glenn at the address he reportedly resides; however, he is never there. His sister, who is the leaseholder, communicated Mr. Glenn stays with his girlfriend frequently.

> 5   **"The defendant shall be gainfully employed."**
>
>   Mr. Glenn has been unemployed since beginning supervision.

6. The Court placed Mr. Glenn under oath and directly inquired of Mr. Glenn whether he admitted violation numbers 1, 2, 3, 4, and 5 of his supervised release set forth above. Mr. Glenn admitted the violations as set forth above.

7. The parties and the USPO further stipulated that:

   (a)   The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)   Mr. Glenn's criminal history category is VI.

      (c)      The range of imprisonment applicable upon revocation of Mr. Glenn's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

    8.    The parties jointly recommended a modification to include residing at the Volunteers of America for a period of one hundred and eighty (180) days.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, LARRY PROVELL GLENN, III, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include following condition:

> You shall reside in a residential reentry center (Volunteers of America) for a term of one hundred and eighty (180) days. You shall abide by the rules and regulations of the facility.

The Defendant is to be released on modified conditions of supervised release pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Glenn stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Glenn entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Glenn's supervised release to include residing at the Volunteers of America for a period of one hundred and eighty (180) days. The Defendant is to be released pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 1/18/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system